U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN 1 4 2005

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LARRY FREEMAN AND LINDA M. FREEMAN | CIVIL ACTION NO.: 6:04cv0961 |
| VERSUS | JUDGE: DOHERTY |
| NATIONAL TEACHERS ASSOCIATES LIFE INSURANCE COMPANY | MAGISTRATE: METHVIN |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON PRESCRIPTION

NOW INTO COURT, through undersigned counsel, comes defendant, National Teachers Associates Life Insurance Company ("National"), who submits this memorandum in support of its motion for summary judgment. As more fully set forth below, all of the claims asserted by plaintiffs, Larry Freeman ("Mr. Freeman") and Linda M. Freeman ("Mrs. Freeman") (collectively, "plaintiffs"), in this suit are prescribed, and National is entitled to a judgment dismissing this lawsuit as a matter of law.

### I.   LAW AND ANALYSIS

As more fully set forth below, all of plaintiffs' claims have clearly prescribed under Louisiana law and under the policy issued to Mrs. Freeman by National.

#### A.   *Summary Judgment Standard*

Summary Judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).   Factual disputes are resolved in favor of the non-moving party only if both parties have submitted evidence of contradictory facts. Little v. Liquid Air Corp., 371 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

Mere conclusory rebuttals by the non-moving party will not defeat a motion for summary judgment. Topolian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992), cert denied, 506 U.S. 824, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Fed. R. Civ. P. 56(e). The non-moving party must submit specific facts showing that there is a genuine issue of material fact. Fed. R. Civ. P. 56(e). If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered...." Fed. R. Civ. P. 56(e).

> **B.** *Under both the policy issued by National to Mrs. Freeman and La. R.S. 22:213, plaintiffs had one year from submitting their proof of loss in which to file this lawsuit.*

Under Louisiana law, La R.S. 22:213 provides the prescriptive period for health and accident policies. The pertinent provision provides that plaintiffs have one year from the time of filing their proof of loss to file a lawsuit, as follows:

> (11) Legal action: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proofs of loss have been filed in accordance with the requirements of this policy. **No such action shall be brought after the expiration of one year after the time proofs of loss are required to be filed**. La. R.S. 22:213(11). (emphasis supplied).

Louisiana jurisprudence clarifies that "when a policy affords a longer period for filing suit than is required by statute, the policy governs as being more favorable to the insured." *See, e.g.,* Sargent v. Louisiana Health Service & Indemnity Co., 550 So.2d 843, 846 (La.App. 2 Cir. 1989).

The policy provided to plaintiffs by National provides:

Legal Action. No legal action may be brought to recover on this Policy within 60 days after written proof of loss has been given as required by this Policy. **No action may be brought after the expiration of the applicable statute of limitations** from the time written proof is required to be given. (*See* National Teachers Associates Life Insurance Organ Transplant Insurance Policy, p. 13) (emphasis supplied).

Given that the policy refers to the "applicable statute of limitations," and does not provide a more favorable limitation than allowed under Louisiana law, the statute of limitations set forth in La. R.S. 22:213(11) must be applied to the plaintiffs' claims under the policy. Therefore, plaintiffs had one year from the time they filed their proof of loss in which to file this lawsuit.

C. *Although plaintiffs submitted their proof of loss form to National on September 20, 2002, they did not file this lawsuit until January 30, 2004, more than four (4) months late.*

Given that Mr. Freeman's proof of loss concerning the kidney transplant was submitted on September 20, 2002, such date began the one-year time period for filing this lawsuit for the treatment contained therein. Therefore, according to La. R.S. 22:213(A)(11), Plaintiffs had until September 20, 2003 to file this suit. Instead of filing suit concerning Mr. Freeman's transplant within the applicable one-year period from the date the proof of loss was submitted, **plaintiffs waited more than one (1) year and four (4) months to file their lawsuit, more than four (4) months late**.

Plaintiffs cannot meet their burden of producing any evidence to create a genuine issue of material fact for trial on the prescription issue. The facts clearly show that plaintiffs failed to file their lawsuit within the prescriptive period set forth under Louisiana law. Accordingly, the entirety of plaintiffs' claims versus National are prescribed, and National is entitled to judgment as a matter of law on all claims asserted by plaintiffs.

### III. CONCLUSION

The entirety of the claims asserted by plaintiffs in this lawsuit are prescribed. Under both the policy issued by National to plaintiffs and La. R.S. 22:213(11), plaintiffs were required to file suit within one year from submitting their proof of loss to National. Instead of filing suit within the prescriptive period, plaintiffs filed their lawsuit more than four (4) months late with respect to the medical treatment shown on their proof of loss. Plaintiffs have the burden of producing evidence to prove the existence of a material fact concerning this prescription issue, and plaintiffs clearly cannot satisfy their burden. Therefore, National Teachers Associates Life Insurance Company is entitled to judgment as a matter of law, dismissing the entirety of plaintiffs' claims, with prejudice, at plaintiffs' costs.

By Attorneys,

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By _Russell L. Mosely_
John Michael Parker T.A. (#10321)
Russell L. Mosely (#28165)
451 Florida Street, 8th Floor
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: 225-387-3221
Telecopier: 225-346-8049

- CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to Mr. Lynn A. DeRouen, DeRouen & Wattigny, A.P.L.C., 103 East Main Street, New Iberia, Louisiana, 70506.

Baton Rouge, Louisiana, this 14th day of January, 2005.

_Russell L. Mosely_
Russell L. Mosely